**BANNER CHEVROLET, INC., Appellant,**

v.

**ASSOCIATES DISCOUNT CORPORATION, Appellee.**

No. 17311.

Court of Civil Appeals of Texas.

Dallas.

June 20, 1969.

Rehearing Denied July 18, 1969.

Ralph Elliott, of Elliott & Nall, Sherman, for appellant.

Jack Kennedy and Robert W. Minshew, of Brown, Kennedy & Hill, Sherman, for appellee.

CLAUDE WILLIAMS, Justice.

This is a companion case to Rattan Chevrolet, Inc., appellant, v. Associates Discount Corporation, appellee, 443 S.W. 2d 360 (Tex.Civ.App., Dallas 1969), and involving the construction of the Texas Uniform Commercial Code (Title 1, Business and Commerce Code, Chapter 785, Acts 1967, 60th Texas Legislature) and its relationship to certain portions of the Texas Certificate of Title Act, Art. 1436–1, Vernon's Ann.Penal Code of Texas.

This suit was originally instituted by Associates Discount Corporation (hereinafter referred to as Associates), against R. A. Parker, d/b/a R. A. Parker Chevrolet (hereinafter referred to as Parker), and Banner Chevrolet Company (hereinafter called Banner), in which Associates sought judgment on a promissory note and for foreclosure under its "Security Agreement" covering a new 1968 Chevrolet Impala automobile which had been sold by Parker to Banner. Banner answered by alleging ownership in the vehicle and, by cross-action, sought to require Associates to deliver the manufacturer's statement of origin which it held, and also for damages for conversion of the automo-

bile by virtue of its seizure of same by writ of sequestration and willful withholding of the manufacturer's certificate of origin. By agreement of the parties the automobile was sold and the proceeds thereof deposited in the registry of the district court. Therefore, the injunctive and title feature of the case became moot.

Both Associates and Banner filed motions for summary judgment and the court granted the summary judgment in favor of Associates against Parker on the promissory note, and also foreclosed Associates' lien against Parker and Banner covering the automobile and ordered the funds realized from the sale of the automobile to be applied to Associates' judgment. It denied the motion for summary judgment by Banner. Parker does not appeal from that part of the judgment against him.

Banner appeals contending, in three points of error, that (1) since the undisputed evidence established that Banner bought the new automobile for value out of Parker's inventory and in the ordinary course of business, the court erred in granting summary judgment in favor of Associates; and (2) and (3) that since the undisputed proof showed that Banner acquired title to the new automobile by paying value as a purchaser out of inventory in the ordinary course of business Associates was guilty of conversion and the court therefore erred in not granting summary judgment to Banner (except as to damages).

Our disposition of this appeal is governed by our opinion in Rattan Chevrolet, Inc. v. Associates Discount Corporation, 443 S.W.2d 360 (Tex.Civ.App., Dallas 1969), this day rendered. We therefore sustain appellant's points of error.

The judgment of the trial court insofar as it affects Associates' recovery against Parker is affirmed. The judgment of the trial court granting Associates' motion for summary judgment and decreeing foreclosure of security interest in the automobile in question is reversed and here rendered denying Associates right of security interest in the automobile. That part of the trial court's judgment denying Banner's motion for summary judgment is here reversed and judgment rendered for Banner against Associates for conversion of the automobile. The case is reversed and remanded to the trial court only for the purpose of arriving at the amount of damages, if any, of Banner against Associates and Parker.

Affirmed in part, reversed and rendered in part, and reversed and remanded for the limited purpose of ascertaining damages, if any.